24CA2188 Waite v Credit Service 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2188
City and County of Denver District Court No. 20CV34153
Honorable Darryl F. Shockley, Judge

Zachary Waite and Catherine Woods-Sullivan,

Plaintiffs-Appellants,

v.

Credit Service Company, Inc.,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUSTICE MARTINEZ*
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

Towards Justice, Alexander Hood, David H. Seligman, Brianne Power, Denver, Colorado; Vedra Law, L.L.C., Daniel J. Vedra, Denver, Colorado, for Plaintiffs-Appellants

Barron & Newburger, P.C., Kevin T. Crocker, Littleton, Colorado; Barron & Newburger, P.C., Michael S. Truesdale, Portland, Oregon, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     This appeal involves issues pertaining to an assignment of medical debt between University of Colorado Health (UCHealth) and defendant, Credit Service Company, Inc. (CSC).  The named plaintiffs, Zachary Waite and Catherine Woods-Sullivan, appeal the district court's C.R.C.P. 12(b)(5) order dismissing their "debt buyer" claims and the grant of CSC's motion for summary judgment, which eliminated the remainder of their alternative "non-debt buyer" claims.  All claims allege wrongdoing on behalf of CSC.  We reverse.

## I.     Colorado Fair Debt Collection Practices Act

¶ 2     The Colorado Fair Debt Collection Practices Act (CFDCPA), like its federal counterpart, aims to protect consumers from harassing and abusive debt collection practices.  *See* §§ 5-16-101 to -135, C.R.S. 2025; 15 U.S.C. §§ 1692a-1692p.  The CFDCPA has "the remedial purpose of protecting consumers against debt collection practices that take advantage of gullible, unwary, trustful, or cowed persons who receive a debt collection communication." *Flood v. Mercantile Adjustment Bureau, LLC*, 176 P.3d 769, 773 (Colo. 2008).  Both the federal and state statutes require debt collectors or collection agencies to provide "debt validation" notice and refrain from deceptive acts.  *See id.* at 774.

¶ 3    The CFDCPA imposes certain communication and disclosure requirements on entities seeking to collect consumer debt; these include, among other things, written notices sent to the consumer detailing who the collection entity is and the amount of debt owed to the original creditor.  § 5-16-109, C.R.S. 2025.  The CFDCPA defines a "debt collector" as "any person employed or engaged by a collection agency to perform the collection of debts owed . . . or due to another."  § 5-16-103(9), C.R.S. 2025.  The parties in this case agree that CSC is a debt collector.  A debt buyer is a "person who engages in the business of purchasing delinquent or defaulted debt for collection purposes."  § 5-16-103(8.5).  All debt buyers are considered debt collectors.

¶ 4    For debt buyers who pursue legal action, the statute requires that the collection agency attach, among other things, a "copy of the assignment or other writing establishing that the debt buyer is the owner of the debt" to the complaint or form.  § 5-16-111(2)(b), C.R.S. 2025.  Debt collectors who are *not* debt buyers, and who elect to take legal action on consumer debt, must "[e]nsure[] that the name of the original creditor . . . and the name of the debt

collector . . . are included in the case caption of the complaint" and "[have] a complete and effective assignment." § 5-16-111(1.5)(a)-(b).

## II.    Background

¶ 5    CSC operates as a collection agency that specializes in the collection of medical debts. CSC contracts with UCHealth, the largest healthcare conglomerate in Colorado, to collect unpaid medical debts; the two entities operate under an "Amended Assignment" that was initiated in 2014. The Amended Assignment provides that accounts assigned to CSC for collection "include those accounts placed for collection by any medium with CSC and indicated by CSC as those upon which it intends to initiate litigation, action to collect, or referral to an attorney." The Amended Assignment also provides that UCHealth "assign[s] all of its right, title and interest in the subject collection accounts . . . to [CSC]."

¶ 6    Waite and Woods-Sullivan were contacted by CSC for unpaid medical debts associated with services provided by UCHealth providers. Determining that the outstanding medical debts were ripe for litigation, CSC pursued litigation on the debts in its own name. Plaintiffs brought this class action lawsuit and allege two main arguments: (1) either CSC is a medical "debt buyer" and

committed violations of the CFDCPA, or (2) CSC is not a debt buyer but the assignment is incomplete and invalid as a matter of law.

¶ 7    Plaintiffs did not attach the Amended Assignment with their class action complaint.  In CSC's motion to dismiss the complaint, it stated, "CSC assumes the facts alleged in Plaintiffs' Complaint are true only for the limited purpose of this Motion, except to the extent that facts recited herein are based upon the undisputed facts contained in the [Amended Assignment] . . . attached hereto as Exhibit A."

¶ 8    The district court dismissed plaintiffs' claims regarding the "debt buyer" arguments pursuant to C.R.C.P. 12(b)(5) and concluded that plaintiffs failed to allege sufficient facts to support a finding that the assignment of debts constituted a purchase under the CFDCPA.  The district court later denied plaintiffs' cross-motion for summary judgment regarding their unjust enrichment claims and ultimately dismissed plaintiffs' remaining claims by granting, in part, CSC's motion for summary judgment.  Plaintiffs now appeal the order dismissing claims and the summary judgment.

¶ 9    We first address whether the dismissal pursuant to C.R.C.P. 12(b)(5) was proper.  We then turn to a discussion of the district court's grant of summary judgment in favor of CSC.

## III.    Debt Buyer Claims

¶ 10    Plaintiffs contend the district court erred by dismissing the debt buyer claims pursuant to C.R.C.P. 12(b)(5).  The three "debt buyer" claims dismissed by the district court are summarized as follows:

- Count I — CSC was unjustly enriched; by ignoring its legal obligations as a "debt buyer" under the CFDCPA, CSC received benefits, including contingency payments, at the expense of plaintiffs and those similarly situated under circumstances that would make it unjust for CSC to retain the benefits.

- Count III — CSC failed to comply with requirements of the CFDCPA and thereby engaged in false and deceptive collection practices.

- Count VII — Plaintiffs requested an injunction enjoining CSC from pursuing cases for unpaid medical debt

purchased from UCHealth without complying with the statutory requirements for debt buyers.

¶ 11 The district court dismissed these three claims and found that plaintiffs had failed to allege sufficient facts for the court to find that (1) the assignment constituted a "purchase" of accounts receivable or (2) CSC constituted a "debt buyer" under the CFDCPA.

### A. Standard of Review

¶ 12 We review a ruling on a C.R.C.P. 12(b)(5) motion de novo, applying the same standards as the district court. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. Accepting all the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the district court properly grants a C.R.C.P. 12(b)(5) motion only where the plaintiff has not alleged sufficient facts that show plausible grounds for relief. *Jagged Peak Energy Inc. v. Okla. Police Pension & Ret. Sys.*, 2022 CO 54, ¶ 25. On review, we must accept all factual allegations asserted in the complaint as true, but we are not required to "accept bare legal conclusions as true." *Norton*, ¶ 7. "When considering a motion to dismiss for failure to state a claim, we may consider the facts alleged in the pleadings, documents attached as

6

exhibits or incorporated by reference, and matters proper for judicial notice." *Id.*

## B. Analysis

¶ 13    Plaintiffs first argue that the district court's finding that the creditor's assignment of a debt could not be a "purchase" of debt under any circumstances was in error. Because section 5-16-111(2)(b) of the CFDCPA provides that an assignment can be evidence of the ownership of a debt, plaintiffs maintain that some assignments are purchases. Plaintiffs also argue that they plausibly pleaded that the assignment between UCHealth and CSC conveyed all right, title, and interest in alleged debts, which demonstrated that CSC had complete ownership over the debts and constituted a purchase.

¶ 14    In its ruling, the district court found that the assignment, on its face, was simply an assignment of accounts receivable for collection purposes and not a purchase of debt. The district court based its decision on a review of the Amended Assignment and looked beyond the allegations in plaintiffs' complaint.

¶ 15    Even if we were to look to the language of the Amended Assignment to make this determination, we would not agree with

7

the district court that, *on its face*, the agreement evinced solely an assignment of accounts receivable and not a purchase of debt. The clause that UCHealth assigns "all of its right, title and interest" in the collection accounts to CSC is difficult to distinguish from a purchase. While the district court also seems to have relied on the clause that the assignment is made "for and in consideration of CSC's retention of counsel and initiation of litigation," this clause does not appear to be written as a restriction on the rights transferred, but instead as a statement of the bargained-for exchange of the agreement. Further, if this clause were read as a restriction on the rights transferred, it could also be read as contradicting the earlier language of the transfer of all "right, title and interest," a conflict that the district court does not address. Thus, we would conclude that the Amended Assignment is ambiguous and does not support the district court's conclusion.

¶ 16     Moreover, plaintiffs' complaint alleges facts including that "[w]hen contacted by patients disputing debts, UCHealth instructs them that they must negotiate or otherwise interact with CSC, and not UCHealth, to pay, dispute, or obtain information about the debt." Additionally, the complaint alleges that CSC (1) advises

UCHealth with respect to which claims to file; (2) manages the collection of actions from beginning to end for UCHealth; (3) collects judgments through further legal proceedings on behalf of UCHealth; and (4) charges a fee for all of the legal services and advice it provides to UCHealth. Accepting these factual allegations as true and not accepting mere legal conclusions, we conclude they are sufficient to survive a Rule 12(b)(5) motion to dismiss. *See Rios de Martinez v. Landaverde*, 2024 COA 115, ¶ 27.

¶ 17     For these reasons, we conclude that the district court improperly granted CSC's motion to dismiss plaintiffs' "debt buyer" claims.

## IV.    Non-Debt Buyer Claims

¶ 18     We turn next to the "non-debt buyer" claims on which the district court granted summary judgment. Plaintiffs contend that if CSC isn't a debt buyer, it can't sue to collect debts in its own name because CSC cannot establish an indisputable receipt of a complete, valid, and irrevocable assignment of medical debts from UCHealth. Additionally, plaintiffs argue that the assignment was ineffective as a matter of law because (1) the debts were future debts, and (2) the debts were matters of personal trust and

confidence. The district court ultimately granted summary judgment in favor of CSC, which eliminated the remainder of plaintiffs' claims.

¶ 19    The five alternative "non-debt buyer" claims are summarized as follows:

- Count II — By deceptively naming itself as a real party in interest and committing the unauthorized practice of law, CSC received benefits at the expense of plaintiffs that would make it unjust for CSC to retain the benefits.

- Count IV — CSC engaged in the unauthorized practice of law by collecting debts on behalf of UCHealth without legally owning the debts and without abiding by provisions of the CFDCPA.

- Count V — If CSC is not a debt buyer, then UCHealth did not transfer ownership of medical debts to CSC before CSC initiated legal proceedings to collect the medical debts. By naming itself in the lawsuit, CSC is falsely representing or implying that accounts have been turned over to CSC as an innocent purchaser for value.

- Count VI — CSC never legally obtained a valid assignment for debts, and therefore CSC deceptively pursued collection action in its own name with no right to collect.

- Count VIII — CSC should be enjoined from engaging in the unauthorized practice of law in pursuing cases for unpaid medical debt on behalf of UCHealth.

### A.  Standard of Review

¶ 20    We review a ruling on a motion for summary judgment de novo.  *Timm v. Reitz*, 39 P.3d 1252, 1255 (Colo. App. 2001).  A reviewing court applies the same standard as the district court in determining whether summary judgment is warranted.  *Smith v. Boyett*, 908 P.2d 508, 514 (Colo. 1995).  A district court should grant summary judgment only if the pleadings and supporting documents show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.  C.R.C.P. 56(c); *Ringquist v. Wall Custom Homes, LLC*, 176 P.3d 846, 849 (Colo. App. 2007).

## B.    Analysis

¶ 21    In dismissing plaintiffs' remaining "non-debt buyer" claims, the district court found that the assignment was not barred by Colorado law.  Thus, the court found that CSC was not unjustly enriched under Count II, nor did it engage in the unauthorized practice of law under Count IV, or falsely represent that accounts were turned over as an innocent purchaser for value under Count V.  Regarding Count VI, the district court determined that CSC was a real party in interest and had a legal right to collect the medical debts assigned to it.  Lastly, because the district court concluded that CSC was not engaging in the unauthorized practice of law, the court also dismissed the declaratory judgment claim under Count VIII.

¶ 22    Plaintiffs argue in part that the district court erred because genuine issues of material fact remain regarding whether CSC received a complete, valid, and irrevocable assignment.

¶ 23    In its ruling, the district court did not address the completeness of the assignment between UCHealth and CSC. Instead, the district court focused its analysis on whether the assignment involved matters of personal trust and confidence, and

12

whether it improperly assigned future debts. The district court relied on its prior determination, ruling on the motion to dismiss, that the assignment was not a purchase of debts but simply an assignment of accounts receivable.

¶ 24 While we would ordinarily review orders granting motions for summary judgment de novo and look to whether undisputed evidence demonstrates a complete, valid, and irrevocable assignment, we decline to do so in this case. Because the district court did not apply the proper summary judgment standard to determine whether the agreement between UCHealth and CSC constituted a complete assignment and did not rule on plaintiffs' argument that the Amended Assignment was not effectively assigned in full, we decline to address an issue that the district court has not addressed. *City & County of Denver v. Bd. of Cnty. Comm'rs*, 2024 CO 5, ¶ 73 ("[T]he general rule is that we don't address an issue that has not been considered by the lower courts."). Thus, we reverse the summary judgment because the district court did not fully address an argument necessary to enter judgment.

## V. Disposition

¶ 25 The district court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE TOW and JUDGE MOULTRIE concur.